# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY DEJESUS,** | : | **CIVIL NO. 1:16-CV-932** |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN, SCI-HOUTZDALE,** *et al.*, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

On March 6, 2013, petitioner Anthony DeJesus ("DeJesus"), was convicted of two counts of aggravated assault and one count of persons not to possess firearms, in the Court of Common Pleas of Lebanon County, Pennsylvania. (Doc. 1). He was sentenced to a term of imprisonment of eleven to thirty years. (Id.) On May 19, 2016, DeJesus filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his underlying sentence. (Id.) For the reasons set forth below, the court will deny the petition as untimely.

## I. Background

The facts underlying DeJesus' convictions are summarized as follows:

> On June 14, 2012, Scott Folsom ('Folsom'), a resident of North Carolina, was visiting the City of Lebanon. On that evening, he and some companions were walking to their vehicle after leaving the William Penn Bar. Between leaving the bar and reaching the vehicle, the group became involved in verbal confrontation with an unidentified female. After the group had entered the vehicle, they were approached by a group of men, allegedly including [DeJesus]. One of the men punched

> the window and Folsom got out of the vehicle. The man
> first punched Folsom, then pulled a gun out and shot him.
>
> Trial Court Opinion, 12/18/12, at 1-2.
>
> The police began an investigation of this incident on the night the shooting occurred. Four days after the incident, on June 18, 2012, a person informed the police that DeJesus was the shooter. This person wished to remain anonymous, and so his or her name did not appear in the resulting police report. The following day, Detective Keith Ulrich assembled a photo array and presented it to Folsom. When Folsom viewed it, he identified DeJesus as the man who shot him. One week later, Spencer Wyse ("Wyse"), Folsom's friend who had also been present at the incident, viewed a photo array and identified DeJesus as the shooter.

Commonwealth v. DeJesus, 2014 WL 11016397, at *1 (Pa. Super. 2014).

A jury trial was held on March 6, 2013. See https://ujsportal.pacourts.us, electronic docket number CP-38-CR-0001098-2012. At the conclusion of the trial, DeJesus was convicted of two counts of aggravated assault and one count of persons not to possess firearms and sentenced to six to 20 years of incarceration on the aggravated assault convictions, and 5 to 10 years of incarceration on the persons not to possess a firearm conviction. Id.

On April 25, 2013, DeJesus filed a notice of appeal with the Pennsylvania Superior Court. Commonwealth v. DeJesus, 771 MDA 2013. On January 13, 2014, the Pennsylvania Superior Court affirmed the judgment of sentence. Id. DeJesus did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. See https://ujsportal.pacourts.us, electronic docket number CP-38-CR-0001098-2012.

On December 5, 2014, DeJesus filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. See https://ujsportal.pacourts.us, electronic docket number CP-38-CR-

0001098-2012. On January 27, 2015, the Common Pleas Court denied the PCRA petition. Id. On February 23, 2015, DeJesus filed a notice of appeal in the Pennsylvania Superior Court. Commonwealth v. DeJesus, 353 MDA 2015. On August 18, 2015, the Pennsylvania Superior Court affirmed the dismissal of the PCRA petition. Id. On August 26, 2015, DeJesus filed a petition for allowance of appeal with the Pennsylvania Supreme Court. Commonwealth v. DeJesus, 650 MAL 2015. On December 10, 2015, the Pennsylvania Supreme Court denied the petition for allowance of appeal. Id.

DeJesus filed the instant federal habeas petition on May 19, 2016. (Doc. 1).

**II. Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

DeJesus was sentenced on April 17, 2013. See https://ujsportal.pacourts.us, electronic docket number CP-38-CR-0001098-2012. His judgment of sentence became final on February 12, 2014, at the expiration of the thirty-day period to seek review with the Pennsylvania Supreme Court. See PA. R. APP. P. 1113(a) (petition for allowance of appeal shall be filed within thirty days from the entry of the order of the Superior Court sought to be reviewed); see also 28 U.S.C. § 2244(d)(1)(A); Swartz v. Meyers, 204 F.3d 417, 424 (3d Cir. 2000) ("[T]he period of limitation tolls during the time a prisoner has to seek review of the Pennsylvania Superior Court's decision[,] whether or not review is actually sought."). The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on May 19, 2016, is clearly untimely. However, the court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations began running on February 12, 2014 and, absent any tolling, would expire on or about February 12, 2015. On December 5, 2014, after approximately 296 days of the one-year statute had elapsed, DeJesus successfully tolled the statute of limitations when he filed his timely PCRA petition. See 28 U.S.C. § 2244(d)(2). The statute remained tolled until December 10, 2015, when the Pennsylvania Supreme Court denied his petition for allowance of appeal. The statute then began running again. The 69 days remaining in which to file his federal petition expired on February 17, 2016. His federal petition was filed on May 19, 2016, well after the expiration of the limitations period. Consequently, DeJesus must establish that he is entitled to sufficient equitable tolling of the AEDPA's limitations period in order for his habeas petition to be considered timely filed.

### B. Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been

5

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. See Jones, 195 F.3d at 159; Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

DeJesus presents absolutely no evidence to account for the delay in seeking relief in federal court. Nor does he indicate that extraordinary circumstances obstructed his pursuit of post conviction relief. Notably, in the habeas petition section regarding timeliness, DeJesus provided no explanation for his untimely filing. (Doc. 1, p. 13). Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III. <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a COA will not issue.

**IV. Conclusion**

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely.

An appropriate order will issue.

                                             /S/ CHRISTOPHER C. CONNER
                                             Christopher C. Conner, Chief Judge
                                             United States District Court
                                             Middle District of Pennsylvania

Dated:       December 19, 2017